UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION
www.flmb.uscourts.gov

| | |
|---|---|
| In Re:<br><br>Tampa Life Plan Village, Inc.,<br><br>Debtor. | Case No. 8:24-bk-01885-RCT<br>Chapter 11 |

**MOTION TO APPROVE SETTLEMENT AGREEMENT WITH US FOODS, INC.**

**NOTICE OF OPPORTUNITY TO OBJECT AND REQUEST FOR HEARING**

If you object to the relief requested in this paper you must file a response with the Clerk of Court at Sam Gibbons United States Courthouse, 801 N. Florida Avenue, Suite 555, Tampa, Florida 33602-3899 within 21 days from the date of the attached proof of service, plus an additional three (3) days if this paper was served on any party by U.S. Mail.

If you file and serve a response within the time permitted, the Court will either notify you of a hearing date or the Court will consider the response and grant or deny the relief requested in this paper without a hearing. If you do not file a response within the time permitted, the Court will consider that you do not oppose the relief requested in the paper, and the Court may grant or deny the relief requested without further notice or hearing.

**You should read these papers carefully and discuss them with your attorney if you have one. If the paper is an objection to your claim in this bankruptcy case, your claim may be reduced, modified, or eliminated if you do not timely file and serve a response.**

Steven J. Solomon, solely in his capacity as Liquidating Trustee of the TLPV Liquidating Trust (the "Liquidating Trustee") files this *Motion to Approve Settlement Agreement with US Foods* ("Motion") and states:

**SUMMARY OF RELIEF REQUESTED**

1. On April 2, 2026, the Liquidating Trustee filed a complaint (the "Adversary Proceeding") in the above-captioned case (the "Case") against US Foods, Inc. ("US Foods") in the United States Bankruptcy Court for the Middle District of Florida, Tampa Division (the "Bankruptcy Court"), seeking to avoid and recover certain transfers of property made by the Debtor pursuant to

sections 547 and 550 of title 11 of the United States Code (the "Bankruptcy Code") and, subject to proof, sections 548 and 550 of the Bankruptcy Code.

2. Informally, US Foods provided the Liquidating Trustee with documentation supporting the affirmative defenses it would assert in an answer. This documentation was thoroughly considered in arriving at this resolution.

3. The Liquidating Trustee and US Foods entered into a Settlement Agreement ("Settlement Agreement"), attached hereto as Exhibit A, to provide for a compromise of controversies and a resolution of the Adversary Proceeding (the "Settlement"). Because the Settlement's result rests fully within the range of reasonable outcomes, the Court should approve the Settlement—as set forth in the Settlement Agreement—and grant this Motion.

## JURISDICTION

4. This Court is the proper venue for this Case pursuant to Local Rule 1071-1(b)(4) and 28 U.S.C. §§ 89(b), 151, 1408(1), and 1409.

5. Consideration of this Motion constitutes a core proceeding pursuant to 28 U.S.C. § 157(b)(2). The predicates for the relief requested herein include section 105(a) of Title 11 of the United States Code (Title 11 being the "Bankruptcy Code"), rules 4001(a)(4) and 9019 of the Federal Rules of Bankruptcy Procedure (each such rule a "Bankruptcy Rule"), and Local Rule 9019-1.

## RELEVANT BACKGROUND

6. On April 29, 2024 (the "Petition Date"), Tampa Life Plan Village, Inc. (the "Debtor") filed a voluntary petition for relief under chapter 11, title 11 of the United States Code (the "Code") in the United States Bankruptcy Court for the Middle District of Florida (the "Court"), thereby commencing this case under Case No. 8:24-bk-01885-RCT (the "Case");

7. On January 27, 2025, the Bankruptcy Court confirmed the *Joint Chapter 11 Plan of Liquidation of Tampa Life Plan Village, Inc.* (the "Plan") [ECF No. 834] by entry of the *Order (i) Approving the Adequacy of the Joint Disclosure Statement of Debtor Tampa Life Plan Village, Inc. on*

*a Final Basis and (ii) Confirming the Joint Chapter 11 Plan of Liquidation of Debtor Tampa Life Plan Village, Inc*. (the "Confirmation Order") [ECF No. 868];

8. On January 10, 2025, the Debtor filed the TLPV Liquidating Trust Agreement (the "Liquidating Trust Agreement") [ECF No. 854].

9. Pursuant to the Plan, the Confirmation Order and the Liquidating Trust Agreement, the TLPV Liquidating Trust (the "Trust") was established and a liquidating trustee was appointed and authorized to administer assets and pursue causes of action on behalf of the Trust.

10. Pursuant to the Plan and the Liquidating Trust Agreement, Luis E. Rivera, II was initially appointed as Liquidating Trustee of the TLPV Liquidating Trust; thereafter, Mr. Rivera resigned effective September 26, 2025 and, on October 2, 2025, the Bankruptcy Court entered an order approving the appointment of Steven J. Solomon as successor Liquidating Trustee of the TLPV Liquidating Trust, with such appointment effective immediately.

11. The Debtor and US Foods had a business relationship prior to the Bankruptcy and in connection with that relationship, the Debtor transferred approximately $72,134.00 to US Foods.

12. On April 2, 2026, the Liquidating Trustee, through counsel, filed the Adversary Proceeding.

13. The Parties negotiated in good faith to resolve their dispute amicably pursuant to the terms of the settlement agreement and without admission of liability by either party.

14. Pursuant to the Liquidating Trust Agreement, the resolution of any controversy involving more than $50,000 requires the Bankruptcy Court's approval.

**SUMMARY OF SETTLEMENT TERMS**

15. To avoid costs associated with the Litigation, the Debtor and US Foods have agreed to the Settlement, which may summarized as follows:

16. The Parties have agreed that US Foods will pay a total sum of $2,500 to the Liquidating Trustee settling the Liquidating Trustee's claims in its Adversary Proceeding as fully set forth in the Settlement Agreement.

17. This Settlement Agreement shall not serve as or be construed as any evidence of liability, responsibility, prevailing party, culpability or admission, and shall bring finality to the Adversary Proceeding, extinguishing any and all current, pending and future claims related to the Adversary Proceeding and the Case.

## RELIEF REQUESTED

18. The Liquidating Trustee respectfully requests the Court enter an order, as provided for in the Settlement Agreement: (i) granting this Motion; (ii) approving the Settlement as provided in the Settlement Agreement; (iii) waiving the stay period imposed by Bankruptcy Rule 4001(a)(4), to the extent applicable; (iv) retaining jurisdiction to enforce the Settlement; and (iv) granting the Parties any other relief the Court deems appropriate.

19. A proposed order, in the event that no party objects to the relief requested herein, is attached to this Motion as Exhibit B.

## BASES FOR RELIEF REQUESTED

20. The Court should grant the Motion because the Settlement is reasonable, and an order approving the Settlement is appropriate to carry out the Bankruptcy Code's terms. "The court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a). "On motion . . . and after hearing on notice to creditor; the debtor . . . and such other entities as the Court may designate, the Court may approve a settlement." Fed. R. Bankr. P. 9019.

21. To approve the Settlement, the Court must inquire into its reasonableness. To determine the reasonableness of a proposed settlement, the United States Court of Appeals for the Eleventh Circuit has outlined four factors: (i) the probability of success in litigation; (ii) the likely

difficulties in collection; (iii) the complexity of the litigation involved, and the expense, inconvenience, and delay necessarily attending same; and (iv) the paramount interest of creditors, with a proper deference to their views. *In re Justice Oaks II, LTD*, 898 F.2d 1544 (11th Cir. 1990).

22. The Parties each believe that it would be forced to engage in costly litigation to settle the claims and incur costs and fees that are far more significant than a settlement between the Parties. However, absent the Settlement, the Parties agree that the possibility of success would warrant continuation of the Litigation.

23. Settling this matter is in the best interest of the Creditors as it will preserve the estate and allow for a greater distribution to the Creditors.

24. Bankruptcy courts approve proposed settlements that do “not fall below the lowest point in the range of reasonableness.” *In re Martin*, 490 F.3d 1272, 1275 (11th Cir. 2007) (internal citations omitted). “In other words, the proposed settlement should be approved unless it yields less than the lowest amount that the litigation could reasonably produce.” *In re Bicoastal Corp*., 164 B.R. 1009, 1016 (Bankr. M.D. Fla. 1993) (Paskay, C.J.).

25. Litigation of the Adversary Proceeding would result in unnecessary costs to the Debtor’s Estate and reduce any distribution to the Creditors.

26. Lastly, there is no basis for objecting to waiver of the Bankruptcy Rule 4001(a)(4) stay period if this Motion is granted; the Court should waive the stay if no such specific objection is articulated. *Cf.* 10 *Collier on Bankruptcy* ¶ 6004.11 (16th ed. 2025) (stating of a similar stay period that “because the purpose of the rule is to protect the rights of an objecting party, the court should eliminate the 14-day stay period and allow the sale or other transaction to close immediately in *all* cases where there has been no objection to the procedure.”).

27. The Settlement is appropriate, and an order granting this Motion would be appropriate to carry out the terms of Bankruptcy Code sections 547, 548, and 550, which were raised in the Adversary Proceeding. Accordingly, the Court should grant this Motion.

**WHEREFORE**, the Parties respectfully request the Court enter an order, as provided for in the Settlement Agreement: (i) granting this Motion; (ii) approving the Settlement as provided in the Settlement Agreement; (iii) waiving the stay period imposed by Bankruptcy Rule 4001(a)(4), to the extent applicable; (iv) retaining jurisdiction to enforce the Settlement; and (iv) granting the Parties any other relief the Court deems appropriate.

Dated: August 24, 2026

Respectfully submitted,

**GRAYROBINSON, P.A.**
333 S.E. 2nd Avenue, Suite 3200
Miami, Florida 33131
Tel: (305) 416-6880
Fax: (305) 416-6887
Steven.solomon@gray-robinson.com

By: */s/ Steven J. Solomon*
Steven J. Solomon, Esq.
Florida Bar No. 931969
*Counsel to Steven J. Solomon, as Liquidating Trustee*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true copy hereof has been served by first class U.S. Mail, postage prepaid, upon Christina Sanfelippo, Esq., Cozen O'Connor, Counsel for Defendant US Foods, Inc., 123 North Wicker Drive, Suite 1800, Chicago, IL 60606, on August 26, 2026.

By: */s/ Steven J. Solomon*
Steven J. Solomon, Esq.

**EXHIBIT A**

In re: Tampa Life Plan Village, Inc.,
Bankruptcy Case No. 8:24-bk-01885-RCT

**Adversary No. 26-00107**

# SETTLEMENT AGREEMENT

**THIS SETTLEMENT AGREEMENT** ("Agreement") is made by and between: (1) Steven J. Solomon, solely in his capacity as Liquidating Trustee of the TLPV Liquidating Trust (the "Liquidating Trustee" or "Plaintiff"); and (2) US Foods, Inc. ("Defendant"). Hereinafter, the Plaintiff and Defendant are referred to collectively as the "Parties."

**WHEREAS**, on April 29, 2024 (the "Petition Date"), Tampa Life Plan Village, Inc. (the "Debtor") filed a voluntary petition for relief under chapter 11, title 11 of the United States Code (the "Code") in the United States Bankruptcy Court for the Middle District of Florida (the "Court"), thereby commencing this case under Case No. 8:24-bk-01885-RCT (the "Case");

**WHEREAS**, on January 27, 2025, the Bankruptcy Court confirmed the *Joint Chapter 11 Plan of Liquidation of Tampa Life Plan Village, Inc.* (the "Plan") [ECF No. 834] by entry of the *Order (i) Approving the Adequacy of the Joint Disclosure Statement of Debtor Tampa Life Plan Village, Inc. on a Final Basis and (ii) Confirming the Joint Chapter 11 Plan of Liquidation of Debtor Tampa Life Plan Village, Inc.* (the "Confirmation Order") [ECF No. 868];

**WHEREAS,** on January 10, 2025, the Debtor filed the TLPV Liquidating Trust Agreement (the "Liquidating Trust Agreement") [ECF No. 854];

**WHEREAS**, pursuant to the Plan, the Confirmation Order and the Liquidating Trust Agreement, the TLPV Liquidating Trust (the "Trust") was established and a liquidating trustee was appointed and authorized to administer assets and pursue causes of action on behalf of the Trust;

**WHEREAS**, pursuant to the Plan and the Liquidating Trust Agreement, Luis E. Rivera, II was initially appointed as Liquidating Trustee of the TLPV Liquidating Trust; thereafter, Mr. Rivera resigned effective September 26, 2025 and, on October 2, 2025, the Bankruptcy Court entered an order approving the appointment of Steven J. Solomon as successor Liquidating Trustee of the TLPV Liquidating Trust, with such appointment effective immediately;

**WHEREAS**, the Liquidating Trustee commenced the above-captioned adversary proceeding (the "Adversary Proceeding") against Defendant seeking, among other things, recovery of certain alleged transfers pursuant to sections 547, 548, and 550 of the Bankruptcy Code, which Defendant would contest but for this Agreement;

**WHEREAS**, following good faith negotiations, Plaintiff and Defendant desire to settle and compromise this matter, on the terms set forth herein, to avoid the cost and uncertainty of further litigation; and

**WHEREAS**, Defendant has agreed to pay the Settlement Payment (as defined herein) to Plaintiff in full and final settlement of its alleged liability in connection with the Adversary Proceeding.

**NOW THEREFORE**, the Parties agree as follows:

1. Settlement Effective Date. This Agreement shall become effective upon the later of the date the Liquidating Trustee has provided Defendant with a W-9 for the Trust and the date the Agreement is duly executed and delivered by both Parties hereto (such date, the "Effective Date"), subject only to this Agreement potentially becoming void: (i) as described in paragraph 2 infra if the Settlement Payment is not made on or before the applicable Payment Deadline, and/or (ii) if the Bankruptcy Court denies entry of an order approving the Agreement as described in paragraph 3 infra.

2. Settlement Payment. In exchange for the releases set forth herein, Defendant shall pay to Plaintiff the total amount of **$2,500** (the "Settlement Payment") in accordance with written payment instructions provided by Plaintiff. The Settlement Payment shall be received no later than **fourteen (14) days after the Effective Date** (the "Payment Deadline"). If the Settlement Payment is not received by the Payment Deadline, Plaintiff may, in its sole discretion, declare this Agreement null and void.

3. Bankruptcy Court Approval Required. Pursuant to the TLPV Liquidating Trust Agreement, the Liquidating Trustee is authorized to settle claims without Bankruptcy Court approval where the amount at issue does not exceed $50,000. If the settlement contemplated by this Agreement falls within that authority, this Agreement shall not require further approval of the Bankruptcy Court. If Bankruptcy Court approval is required under the Liquidating Trust Agreement, this Agreement is expressly conditioned upon entry of a final order approving the settlement pursuant to rule 9019 of the Federal Rules of Bankruptcy Procedure (the "Settlement Order"), and in the event such approval is not obtained, this Agreement shall be deemed null and void and any Settlement Payment shall be returned to Defendant.

4. Mutual Releases. Upon the later of receipt of the Settlement Payment and the Settlement Order, if required, Plaintiff and Defendant, on behalf of themselves and their respective officers, directors, employees, agents, representatives, professionals, successors, and assigns, hereby fully and irrevocably release, acquit, and discharge each other from any and all claims, causes of action, liabilities, and obligations arising out of or relating to: (a) the Adversary Proceeding; and (b) any transfers or payments that were or could have been asserted in connection therewith under chapter 5 of the Bankruptcy Code.

5. Defendant's Claims Against Debtors' Estates. Defendant's claim(s), if any, and/or any proof(s) of claim filed against the Debtor or its bankruptcy estate shall not be amended, modified, allowed, disallowed, or otherwise affected as a result of this Agreement. Any pending objection to such claim(s), if any, shall likewise not be granted, denied, modified, withdrawn, or otherwise affected by this Agreement. Notwithstanding the foregoing, Defendant hereby irrevocably waives any right it may have under section 502(h) of the Bankruptcy Code to file a proof of claim (or to amend or increase any existing claim) on

account of the Settlement Payment. Defendant further agrees that the Settlement Payment shall not give rise to any claim of any kind against the Liquidating Trustee, the Trust, or the Debtor's estate.

6. Dismissal of Adversary Proceeding. Following (i) receipt of the Settlement Payment and (ii) if applicable, entry of the Settlement Order, the Liquidating Trustee shall promptly file a notice or stipulation dismissing the Adversary Proceeding with prejudice.

7. No Admission of Liability. This Agreement reflects a compromise of disputed claims. Neither this Agreement nor the Settlement Payment shall be construed as an admission of liability, wrongdoing, or fault by any Party.

8. Entire Agreement. Each Party represents and warrants that it has full authority to enter into this Agreement. The Liquidating Trustee enters into this Agreement solely in his capacity as trustee of the TLPV Liquidating Trust and not in any individual capacity, and no recourse shall be had against the Liquidating Trustee personally.

9. Voluntary Act. Each of the Parties does hereby warrant, with respect to itself only, that it is authorized and empowered to execute this Agreement. The Parties acknowledge that they have read this Agreement in its entirety, fully understood its terms, and voluntarily accepted the terms set forth herein. Further, each Party acknowledges that it has had an opportunity to consult with legal counsel and any other advisers of its choice with respect to the terms of this Agreement and it is signing this Agreement of its own free will.

10. Attorney Fees. Each Party shall bear its own attorneys' fees and costs incurred in connection with the Claims, the Adversary Proceeding, and this Agreement. In any action to enforce this Agreement (other than seeking court approval, if required), the prevailing Party shall be entitled to recover its reasonable attorneys' fees and costs.

11. No Assignment. Each Party hereby represents and warrants to the other Parties that it has made no assignment, and hereafter will make no assignment of any claim, cause of action, right of action, or any other right released pursuant to this Agreement.

12. Execution in Counterparts. It is understood and agreed that this Agreement may be executed in counterparts and may be transmitted electronically, each of which shall be deemed an original for all purposes.

**IN WITNESS WHEREOF**, the Parties have caused this Agreement to be executed as of
8/4/2026
July ____, 2026.

*[Signature Page Follows]*

For Plaintiff:

Steven J. Solomon, as Liquidating Trustee
of the TLPV Liquidating Trust

Signed by:

By: Steven J. Solomon

16A413D46A4B449...

Name: Steven J. Solomon
Title: Liquidating Trustee

For Defendant:

**US Foods, Inc.**

By: Kerry Carlson

Name: Kerry Carlson
Title: Claims Specialist, Office of the General Counsel



#68318903 v1
LEGAL\117087827\3

**<u>Exhibit A: Settlement Payment Instructions</u>**

| | |
|---|---|
| **RETURN WITH CHECK FOR PAYABLE TO** | $2500 U.S. Dollars<br>**TLPV Liquidating Trust** |
| **MAIL CHECK TO:** | Steven J. Solomon, Esq.<br>GrayRobinson, P.A.<br>333 SE 2 Ave, Suite 3200<br>Miami, FL 33131 |
| **WIRE INFORMATION:** | Flagstar Bank, N.A.<br>1400 Broadway, 25th Floor<br>New York, NY 10018<br>Routing #026013576 |

| | |
|---|---|
| Account Name: | Flagstar Bank, N.A.<br>1400 Broadway, 25th Floor<br>New York, NY 10018<br>Routing #026013576 |
| Account Number: | 1505598829 |

**EXHIBIT**
**B**

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

| | |
|---|---|
| In Re: | Chapter 11 |
| Tampa Life Plan Village, Inc., | Case No. 8:24-bk-01885-RCT |
| Debtor. | |

_______________________________/

**ORDER GRANTING MOTION TO APPROVE**
**SETTLEMENT AGEEMENT WITH US FOODS, INC**

THIS MATTER came before the Court without a hearing on the *Motion to Approve Settlement Agreement with US Foods, Inc.* [ECF No. ___] (the "Motion").[1] The movant by submitting this form of order having represented that the motion was served on all necessary parties, that the 21-day response time provided by that rule has expired, that no one has filed, or served on the movant, a response to the motion, and that the form of order was attached as an exhibit to the motion; and the Court, having reviewed and considered the Motion and the

[1] All capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Motion.

Settlement Agreement (the "Settlement Agreement"),[2] finds and concludes that the terms in the Settlement Agreement satisfy the standards set forth in *In re Justice Oaks II, Ltd.*, 898 F.2d 1544 (11th Cir. 1990) and are fair, reasonable, and in the best interests of the Estate. Accordingly, it is

**ORDERED** as follows:

1. The Motion is **GRANTED** in its entirety.

2. The Settlement Agreement and all of its terms and conditions are **APPROVED**.

3. The Liquidating Trustee is authorized to take any and all actions necessary and appropriate to implement and effectuate the terms of the Settlement Agreement.

4. The Court reserves jurisdiction regarding the interpretation, effectuation, and enforcement of the terms and conditions of the Settlement Agreement and the terms of this Order.

###

**Submitted by:**
Steven J. Solomon
Gray Robinson, P.A.
333 S.E. 2nd Avenue, Suite 3200
Miami, FL 33131
Tel: 305-416-6880
Fax: 305-416-6887
E-Mail: steven.solomon@gray-robinson.com

*Attorney Steven J. Solomon is directed to serve a copy of this Order on interested parties who do not receive service by CM/ECF and file a proof of service within three days of entry of this order*.

[2] Exhibit A to the Motion.